and gave his note for the purchase-money, upon which note the United States recovered judgment and issued execution. In the mean time the president of the United States remitted the forfeiture "as far forth as the United States were interested therein," and Mr. Jones, the district attorney, indorsed a memorandum upon the execution, that it was to be discharged by the payment of one half of the amount of the debt, and interest thereon and costs.

The defendant obtained a rule on the district attorney to show cause why the .execution should not be quashed.

C. Simms, for defendant, contended that the whole forfeiture accrued to the United States, and could only be recovered in the name of the United States, and therefore the whole was remitted. That the subsequent distribution of a moiety among the revenue officers. was a matter between them and·the United States. The whole forfeiture was under the control of the United States, until it was actually recovered, and, until recovered, the rights of the revenue officers did not accrue. The United States had a right to interpose and prevent the recovery.

THE COURT, however, was of opinion (nem. con.) that the United States were interested only in one half of the forfeiture, and that only one half was remitted.

---

## Case No. 16,780.

UNITED STATES v. YELLOW SUN.

[See Case No. 16,212.]

---

## Case No. 16,781.

UNITED STATES v. YORK STREET FLAX SPINNING CO.

[17 Blatchf. 138; 8 Reporter, 551.] [1]

Circuit Court, S. D. New York. Aug. 28, 1879.

VIOLATION OF CUSTOMS LAWS — FORFEITURE OF VALUE.

Under section 1 of the act of March 3, 1863 (12 Stat. 737, 738; Rev. St. § 2864), forfeiting imported goods, or their value, to the United States, for fraud in the entry of the goods at the custom house, if a suit is brought for such value, such value is not limited to the sum which the defendant received for the identical goods entered, on their sale by him.

[Cited in U. S. v. Auffmordt, 19 Fed. 901.]

At law.

[Error to the district court of the United States for the Southern district of New York.]

C. P. L. Butler, Jr., Asst. Dist. Atty., and Sutherland Tenney, Asst. Dist. Atty., for plaintiffs in error.

Joseph H. Choate, for defendant in error.

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission. 8 Reporter, 551, contains only a partial report.]

WAITE, Circuit Justice. This is a suit to recover the value of certain goods alleged to have been forfeited to the United States under section 1 of the act of March 3, 1863 (12 Stat. 737, 738; Rev. St. § 2864). This act provides, that, if an "owner, consignee, or agent of any goods, wares, or merchandise shall knowingly make, or attempt to make, an entry thereof by means of any false invoice, * * * said goods, wares and merchandise, or their value, shall be forfeited," &c. After the close of the testimony on the part of the government, the defendant asked the court to instruct the jury to bring in a verdict for the defendant, on the ground that none of the acts charged in the declaration as causes of forfeiture had been proven. This was denied, and the defendant then asked for a verdict because no proof had been made of the value of the goods, such value being the statutory basis of recovery. The court thereupon ruled, "that the value of the goods, which must be taken as the basis of recovery, was the sum which the defendant received for the identical goods covered by the entries and invoices in the suit, in this country, the goods having passed into consumption, which sum, in the hands of the defendant, represented the goods themselves," and then, on the evidence as it stood, directed a verdict for the defendant. [Case unreported.] Many requests to charge were presented on behalf of the government, which were refused, but, as they were intended to break the force of this ruling, it will not be necessary to refer to them in detail.

The entire testimony is not embraced in the bill of exceptions, and, under the ruling of the court upon the first motion for a verdict, I must assume, that, so far as the acts of forfeiture were concerned. there was evidence sufficient to make it obligatory on the court to submit the case to the jury. If, then, there is error in the ruling of the court on the second motion, I must reverse the judgment, notwithstanding any doubt I may have on the case as it is presented here, about the propriety of subjecting the defendant to another trial on the merits, since the act of June 22, 1874 (18 Stat. 186), has made actual intent to defraud an essential element of recovery. I must also assume that the evidence established the fact that the goods had gone into consumption, as that seems to have been one of the ingredients on which the court based its ruling.

The question, as it comes here for determination, is not whether the value of the goods at the time of importation, or when they were sold or entered into consumption, or when the suit was commenced. is the proper basis of recovery, but whether the government is bound to accept, under its election to take the value, what the fraudulent importer himself got for them when they passed out of his hands. I know it is settled, that. when provision is made by statute for "a forfeiture of goods or their value," the